Dear Mr. Aucoin:
Your request for an opinion of the Attorney General concerning the public meetings of the Board of Aldermen for the City of Ville Platte has been assigned to me for disposition. Your opinion request asks the following questions:
 Does the Mayor for the City of Ville Platte have the authority pursuant to R.S. 33:405, R.S. 42:7, or any other appropriate statute, to insist upon the completion of the enclosed Agenda Application as a prerequisite to addressing the Mayor and Board of Aldermen at a regularly scheduled meeting, and further is it constitutionally proper to require completion of the agenda application and adherence to its terms?
A copy of the Agenda Application which you refer to was attached to the opinion request. The application form asks for the following information: name, address, nature of business to be brought before the Board, anticipated length of presentation, and signature. In addition, the form contains a statement that such application form must be presented no later than 12 noon on Monday prior to the regular Tuesday meetings of the Board in order to place additional items on the agenda. Without this application, additional items may only be put on the agenda pursuant to a special motion and two-thirds vote of the Board present at the meeting.
Article 12, Section 3 of the Louisiana Constitution of 1974 provides that "[n]o person shall be denied the right to observe the deliberations of bodies and examine public documents, except in cases established by law." This constitutional provision is mirrored in LSA-R.S. 42:4.1 et seq., the Open Meetings Law. The Open Meetings Law requires that every meeting of a public body be open to the public unless closed pursuant to legislatively determined exceptions found in LSA-R.S. 42:6, LSA-R.S. 42:6.1, and LSA-R.S. 42:6.2. The Open Meetings Law clearly applies to the Mayor and Board of Aldermen of the City of Ville Platte as they constitute the public governing structure of the City of Ville Platte.
What the Open Meetings Law requires, however, is that public meetings of the Mayor and Board of Aldermen be properly noticed and conducted openly. There is no requirement that the public be allowed to directly interact with the public body and include agenda items for its meetings. Setting the agenda is a matter of internal procedure which may be determined by the Mayor or Board. See Attorney General Opinion Number 90-541.
Your question specifically asks whether the Mayor has the authority to adopt the Agenda Application as a policy of the City for the purpose of conducting regular meetings of the Board. LSA-R.S. 33:405 provides that the Mayor shall preside at all meetings of the Board of Aldermen and be the deciding vote in cases where there is an equal division of the Board. It is LSA-R.S. 33:404, however, which authorizes the Mayor to perform any other duty that may be necessary or proper for the administration of municipal affairs. LSA-R.S. 33:404A.(9). Pursuant to this statutory authority, the Mayor has the power to adopt procedures for conducting meetings of the Board.
Finally, the Agenda Application form which is the subject of this opinion request may properly be adopted by the Mayor for use at regular meetings of the Board of Aldermen. The information requested on this form is consistent with the requirements of LSA-R.S. 33:405, concerning meetings of the Board of Aldermen, and LSA-R.S. 42:4.1 et seq, the Open Meetings Law.
It is therefore the opinion of this office that the Mayor of the City of Ville Platte may require the use of an Agenda Application form for public participation in setting the agenda of the City's Board of Aldermen.
I hope that this has sufficiently answered your question. If you require any further information, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: GINA M. PULEIO Assistant Attorney General RPI/GMP:pb/2073o